**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER SALINAS** § | | |
| Plaintiffs § | | |
| v. § | | Civil Action No.: 5:20-CV-00449 |
| § | | |
| **STATE FARM MUTUAL AUTOMOBILE** § | | |
| **INSURANCE COMPANY** § | | |
| Defendant | | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY'S NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and respectfully shows the following:

*Procedural Background*

1. On March 2, 2020, Plaintiff filed his Original Petition against diverse Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), styled Cause No. 2020CI04351; *Christopher Salinas vs. State Farm Mutual Automobile Insurance Company*; In the 224th Judicial District Court, Bexar County, Texas. Defendant filed its answer on March 20, 2020.

*Nature of the Suit*

2. This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on June 11, 2019. Plaintiff claims tortfeasor Veronica Barrera was negligent in her handling of her vehicle. Plaintiff asserts claims against State Farm for breach of contract, negligence/gross negligence, breach of the duty of good faith and fair dealing, breach of the deceptive trade practices act, insurance code violations. Plaintiff also seeks a declaratory judgment. Plaintiff seeks damages for medical expenses, physical pain, mental anguish,

disfigurement, physical impairment, lost wages, and miscellaneous expenses. Plaintiff also seeks to recover attorney's fees, exemplary damages, and statutory penalties.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time State Farm was served with the citation on March 12, 2020, and as of the date of filing this Notice, State Farm was and is a citizen of Illinois. Defendant was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois. Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiff was a citizen of Texas when he filed his Original Petition, and continues to be a citizen of Texas.

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in his Original Petition for the recovery of damages of more than $100,000.00 and actual damages of up to $200,000.00. The uninsured/underinsured motorist ("UM/UIM") policy provides UM/UIM limits of $30,000.00 per person. (*See* State Farm Policy and Declarations Page). Plaintiff also seeks the recovery of exemplary damages, statutory penalties, and attorney's fees.

### *The Removal is Procedurally Correct*

7. Plaintiff filed suit against Defendant State Farm in state court on March 2, 2020. Defendant was served on March 12, 2020. Defendant filed its answer in state court on March 20, 2020.

8. Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c) and *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014). In *Thompson*, the Fifth Circuit held that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) runs from the date it is formally served with process. Here, State Farm was served on March 12, 2020.

9. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this district.

10. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

11. Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 224th Judicial District Court of Bexar County, Texas, promptly after Defendant State Farm files this Notice.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company requests that this action be removed from the 224th Judicial District Court of Bexar County, Texas to the United States District Court for Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By: _____
Margaret Brown
State Bar No. 24092181
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsímile)
mbrown@lstlaw.com

*Counsel for Defendant State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **9th** day of **April, 2020**, addressed to those who do not receive notice from the Clerk of the Court.

Karl B. Brock
State Bar No. 03044150
BROCK & BROCK, P.C.
803 E. Mistletoe
San Antonio, Texas 78212
Telephone: (210) 733-6666
Telecopier: (210) 733-6893
karlb@brockandbrock.com

_____
Margaret Brown

4